UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CHUNER TU,

                Plaintiff,

    - against -

ALEJANDRO MAYORKAS, Secretary of
Homeland Security; TIMOTHY HOUGHTON,
Director, New York Office, U.S. Citizenship
and Immigration Services; and SCOTT
VELEZ, Deputy Director, New York Office,
U.S. Citizenship and Immigration Services,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-3137 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Chuner Tu, a Chinese citizen, brings this action for a writ of mandamus, requesting that the Court compel United States Citizenship and Immigration Services ("USCIS") to take action on her asylum application. Defendants now move to dismiss the action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Because the Court lacks subject matter jurisdiction over this action, Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) is granted.

## BACKGROUND

### I.    Factual Background

Plaintiff Chuner Tu ("Plaintiff" or "Ms. Tu"), a Chinese citizen, entered the United States through Newark, New Jersey on or about July 9, 2014 "as a nonimmigrant" on a B2 visa "with authorization to remain in the United States" until no later than January 8, 2015. (Notice to Appear,

Dkt. 13-2 at ECF 1.)[1]  On or about July 2016, Ms. Tu filed a Form I-589, also known as an Application for Asylum and for Withholding of Removal.  (Compl., Dkt. 1 ¶ 6; Referral Notice, Dkt. 7-1 at ECF 2.)

On June 15, 2017, United States Citizenship and Immigration Services referred Ms. Tu's asylum application "to an immigration judge for adjudication in removal proceedings before the U.S. Department of Justice, Executive Office for Immigration Review" ("EOIR").  (Referral Notice, Dkt. 7-1 at ECF 2.)  In the Referral Notice, USCIS stated that it had deemed Ms. Tu's asylum claims "not credible" due to a lack of details.  (*Id.*)  In addition, the Referral Notice stated that Ms. Tu was "subject to removal from the United States pursuant to . . . Section 237(a)(1)(B) of the Immigration and Nationality Act" because she, a nonimmigrant, "remained in the United States for a time longer than permitted."  (*Id.*)

Also on June 15, 2017, USCIS served Ms. Tu with a Form I-862 Notice to Appear before an immigration judge of the United States Department of Justice.  (Notice to Appear, Dkt. 7-2 at ECF 1–2.)  Ms. Tu had an initial hearing in her removal proceeding before the Department of Justice "around April 2018."  (Compl., Dkt. 1 ¶ 9.)  Ms. Tu's removal proceedings remain pending as of the date of this Order, with her next hearing currently scheduled for June 30, 2025.  (Tu, Chuner Automated Case Information page, https://acis.eoir.justice.gov (last visited May 8, 2024).)

## II. Procedural History

Ms. Tu filed this action on April 25, 2023.  (*See generally* Compl., Dkt. 1.)  According to her Complaint, she requests that the Court "[c]ompel Defendants and those acting under them or on their behalf to perform their duty to adjudicate Plaintiff's applications[.]"  (*Id.* ¶ 14.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

Defendants' motion to dismiss for lack of subject matter jurisdiction is now pending before the Court.

## LEGAL STANDARD

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). That said, "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Because "federal courts are courts of limited jurisdiction," they "may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

In resolving a motion to dismiss for lack of subject matter jurisdiction, courts "may consider materials extrinsic to the complaint." *Phifer v. City of N.Y.*, 289 F.3d 49, 55 (2d Cir. 2022). Moreover, pleadings drafted by a pro se plaintiff are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a pro se plaintiff's complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).

## DISCUSSION

For a federal court to have jurisdiction over a case, "an actual controversy must exist." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018) (quoting *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996)). A case becomes moot when the issues presented "are no longer live." *Lillbask*

*ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005). Put another way, a case is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chevron Corp. v. Donzinger*, 833 F.3d 74, 124 (2d Cir. 2016). When a case becomes moot, "the court . . . loses jurisdiction over the suit, which therefore must be dismissed." *Lillbask*, 397 F.3d at 84 (quoting *Russman v. Bd. of Educ.*, 260 F.3d 114, 118–119 (2d Cir. 2001)).

"[A] claim that seeks to compel a federal official to act becomes moot when the official performs the act." *Sadiku v. Dep't of Homeland Sec.*, No. 20-CV-3042 (RPK), 2022 WL 173109, at *2 (E.D.N.Y. Jan. 18, 2022). As a result, "district courts routinely dismiss as moot mandamus claims that seek to compel officials to process immigration-related claims" where the relevant petition or form has already been processed. *Id.* (collecting cases); *see also id.* (dismissing mandamus action seeking to "compel USCIS to adjudicate [an] N-400 application" as moot where application had already been adjudicated); *Khanom v. Kerry*, 37 F. Supp. 3d 567, 574 (E.D.N.Y. 2014) (same where USCIS already provided "the relief sought by Plaintiffs"); *Aizah v. Holder*, No. 12-CV-6020 (BMC), 2013 WL 1282345, at *1 (E.D.N.Y Mar. 28, 2013) (same where USCIS has "already adjudicated the . . . petition [at issue] twice"); *Lihua Jiang v. Clinton,* No. 09-CV-4477 (NGG) (RML), 2011 WL 5983353, at *3 (E.D.N.Y Nov. 28, 2011) (same where plaintiff sought a writ of mandamus "to order Defendants to perform duties they have already performed").

In this instance, Ms. Tu requests that this Court "[c]ompel Defendants . . . to adjudicate Plaintiff's [asylum] applications[.]" (Compl., Dkt. 1 ¶ 14; *see also id.* ¶ 11 (alleging that "Defendants have willfully and unreasonably delayed adjudicating Plaintiff's application for asylum, Form I-589").) Defendants, on the other hand, contend that they adjudicated Ms. Tu's Form I-589 nearly seven years ago. (*See* Defs. Br. Supp. Mot. to Dismiss ("Defs. Br."), Dkt. 12 at 5.) Specifically, Defendants state that USCIS "has long since acted" on Ms. Tu's I-589 "by

4

deeming her I-589 not credible and referring her to" EOIR. (*Id.*)  The Referral Notice confirms Defendants' assertion; it states that "USCIS has not granted [Ms. Tu's] asylum application," and that her "application has been referred to an immigration judge for adjudication in removal proceedings before the [EOIR]."  (Referral Notice, Dkt. 13-1 at ECF 1.)

Nearly eight years have elapsed since Ms. Tu initially submitted her Form I-589 application for asylum.  (*See id.* at ECF 2.)  Nearly seven years have passed since USCIS, in turn, referred her I-589 to EOIR to be adjudicated through removal proceedings.  (*Id.*)  Since then, little to no action seems to have been taken in Ms. Tu's removal proceedings.  Ms. Tu indicates that her initial individual hearing was scheduled for September 9, 2019.  (Pl. Ltr., Dkt. 9 ¶ 3.)  When she arrived for that hearing, she was told that the hearing had to be rescheduled.  (*Id.*)  To date, she has not had another individual hearing.  (*Id.*)  It is possible that, given this significant lapse in time without any action taken in her removal proceeding or on her asylum application, Ms. Tu did not realize that USCIS had in fact completed its adjudication of her Form I-589.  (*See id.* ¶¶ 2–3.)  Regardless, since USCIS has adjudicated her Form I-589, this Court is unable to compel it to do so.

It is unclear whether Ms. Tu also seeks an order from this Court compelling EOIR to adjudicate her pending removal case.  Regardless, this Court does not have jurisdiction to enter such an order.  8 U.S.C. § 1252(g); 8 C.F.R. § 208.2(b).  Immigration judges, not district court judges, "have exclusive jurisdiction over asylum applications filed by an alien who has been served a . . . Form I-862, Notice to Appear."  8 C.F.R. § 208.2(b); *see also Ajlani v. Chertoff*, 545 F.3d 229, 235 (2d Cir. 2008) (explaining same).  As a result, this Court does not have jurisdiction to compel EOIR to take any action.

5

## CONCLUSION

The Court grants Defendants' Motion to Dismiss in its entirety. This action is dismissed with prejudice. The Court respectfully requests that the Clerk of Court enter judgment in this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 10, 2024
      Brooklyn, New York